IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Specialty Underwriters Alliance | * | |
| Plaintiff, | * | |
| v. | * | Case Action No.: CV_____ |
| | * | 3:08CV888-WC |
| Peebles McManus LLC and Dennis and Pamela Dickey | * | |
| Defendants. | * | |

## COMPLAINT

Plaintiff, SPECIALTY UNDERWRITERS ALLIANCE ("SUA") for its Complaint for Declaratory Relief, states as follows:

1. SUA brings this Complaint under 28 U.S.C. §2201, *et seq.*, for a declaration of its rights and obligations, if any, with respect to its duty to defend and indemnify Defendant, Peebles McManus for an underlying lawsuit styled *Dennis and Pamela Dickey v. Gary MacManus, et al.*, CV 06-245 (the "*Dickey* lawsuit") under Specialty Underwriters Alliance Policy No. 10AUICP-001599-GL01.

2. This Honorable Court has subject matter jurisdiction over this matter based upon diversity of citizenship between SUA and Defendants pursuant to 28

U.S.C., §1332(a), and because the amount in controversy exceeds Seventy-Five Thousand and no/100 ($75,000) Dollars, exclusive of costs and fees.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 because Defendants reside in this judicial district and the events giving rise to the claim occurred in this judicial district.

## THE PARTIES

4. Plaintiff, SUA is an insurance company incorporated in Delaware with its principal place of business in Illinois. SUA transacts business in Alabama.

5. On information and belief, Defendant, Peebles McManus LLC is an Alabama corporation located at 1818 Tallapossa Street, Notasulga, Alabama 36866.

6. Defendants, Dennis and Pamela Dickey are residents of Macon County, Alabama or Lee County, Alabama.

## THE FACTS

7. On or about December 13, 2006, a lawsuit was filed in the Circuit Court of Macon County, Alabama captioned *Dennis and Pamela Dickey v. Gary MacManus, et al.*, CV 06-245 (the "*Dickey* lawsuit"). A copy of the *Dickey* lawsuit is attached as *Exhibit A*.

8. The *Dickey* lawsuit includes the following allegations:

   a. Dennis and Pamela Dickey contracted with Peebles McManus to construct a home in Macon County.

   b. Peebles McManus represented that it was qualified to complete the home and would construct it in accordance with applicable building codes.

   c. Peebles McManus' representations were false and it knew that its representations were false at the time they were made.

   d. Dennis and Pamela Dickey moved into the home in September 2006.

   e. After moving in, Dennis and Pamela Dickey noticed many defects and deficiencies in the home.

   f. Peebles McManus failed and/or refused to correct the defects and deficiencies.

   g. As a proximate consequence of Peebles McManus' conduct, Dennis and Pamela Dickey have been caused to suffer injuries and damages, including property loss, economic loss, extensive structural damage to their home, expenditures, and extreme mental anguish.

## THE SPECIALITY UNDERWRITERS ALLIANCE POLICY

9. SUA issued Policy No. 10AUICP-001599-GL01 to Peebles McManus LLC as named insured (the "SUA policy"). A true and correct copy of the SUA policy is attached as *Exhibit B*.

10. The SUA policy provides commercial general liability coverage, with limits of $1 million per occurrence, subject to a $1,000 deductible per property damage claim, and $2 million in the aggregate. See, *Exhibit B*.

11. The commercial general liability coverage of the policy contains the following insuring agreement applicable to bodily injury and property damage, which provides in relevant part:

SECTION I – COVERAGES

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

    (3) A claim for damages because of the "bodily injury" or "property damage" is first made against any insured...during the policy period or any Extended Reporting Period we provide...

See, *Exhibit B*.

12. The commercial general liability coverage contains the following definition:

  13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

See, *Exhibit B*.

13. The SUA policy also contains a Products/Completed Operations Liability Coverage Form which provides in relevant part:

**SECTION I - COVERAGES**
**PRODUCTS/COMPLETED OPERATIONS**

**BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"

5

included within the "products-completed operations hazard" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)  The "bodily injury" or "property damage" occurs during the policy period; and

(3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized to you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

See, *Exhibit B*.

14. "Products-completed operations hazard" is defined as follows:

   a. Includes all "bodily injury and "property damage" occurring away form premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned....

   * * *

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

15. Both the commercial general liability coverage and the products/completed operations coverage contain the following exclusions applicable to "property damage."

   j. **Damage to Property**

   * * *

   "Property damage" to:

   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

   Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

See, *Exhibit B*.

## GROUNDS FOR DECLARATORY JUDGMENT
## COUNT I

16. SUA realleges paragraphs 1-15 as though fully stated herein.

17. The insuring agreement of the commercial general liability coverage of the SUA policy provides coverage only for claims that allege "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined in the policy.

18. The *Dickey* lawsuit alleges a claim for faulty workmanship in the construction of a residential home which does not qualify as a claim for "property damage" as that term is used in the insuring agreement of the commercial general liability coverage of the SUA policy.

19. Additionally, the commercial general liability coverage of the SUA policy applies only to "property damage" caused by an "occurrence."

20. The *Dickey* claim of faulty workmanship does not allege an "occurrence" as required by the insuring agreement of the commercial general liability coverage of the SUA policy.

21. Consequently, SUA has no duty to defend or indemnify Peebles McManus for the allegations against it in the *Dickey* lawsuit under the commercial general liability coverage of the SUA policy.

## COUNT II

22. SUA realleges paragraphs 1-15 as though fully stated herein.

23. The *Dickey* lawsuit does not fall within the coverage of the products/completed operations liability coverage of the SUA policy because it does not allege a claim for "property damage" caused by an "occurrence" as required by the insuring agreement.

24. Consequently, SUA has no duty to defend or indemnify Peebles McManus for the allegations against it in the *Dickey* lawsuit under the products/completed operations coverage of the SUA policy.

## COUNT III

25. SUA realleges paragraphs 1-15 as though fully stated herein.

26. The products/completed operations coverage does not apply to damage of which the insured was aware prior to the inception of the SUA policy.

27. Upon information and belief, at least some of the alleged damage for which the *Dickey* lawsuit seeks recovery occurred prior to the inception of the SUA policy on July 13, 2006 and Peebles McManus was aware of that damage.

28. Consequently, SUA has no duty to indemnify Peebles McManus for damages which occurred prior to the inception of the SUA policy of which Peebles McManus was aware.

## COUNT VI

29. SUA realleges paragraphs 1-15 as though fully stated herein.

30. The products/completed operations liability coverage applies only to completed work.

31. Upon information and belief, the Dickeys moved into the home before it was completed and thereafter refused to permit Peebles McManus to complete the house.

32. Consequently, as the home has not been completed, the products/completed operations liability coverage is not triggered.

## COUNT V

33. SUA realleges paragraphs 1-15 as though fully stated herein.

34. Exclusions j. 5 and/or 6 (Damage to Property) apply to preclude coverage if the construction of the home is deemed to be incomplete and ongoing.

35. Alternatively, if the construction of the home is deemed completed, then Exclusion l (Damage to Your Product) and/or Exclusion m (Damage to Your Work) preclude coverage for the *Dickey* claim.

36. Consequently, SUA has no coverage obligations for the *Dickey* claim because Exclusions j. 5 and/or 6 or Exclusion l and/or Exclusion m preclude coverage.

**WHEREFORE,** Plaintiff, Specialty Underwriters Alliance prays that this Court:

A. Find and declare rights and liabilities of the parties hereto with respect to the SUA policy;

B. Find and declare that the SUA policy does not potentially or actually cover any portion of the claim against Peebles McManus in the *Dickey* lawsuit;

C. Find and declare that Specialty Underwriters Alliance has no duty to defend or indemnify Peebles McManus in connection with the *Dickey* lawsuit; and,

D. Grant such other and further relief as it deems just and proper.

Respectfully Submitted,

*/s/ Joel A. Williams*
Joel A. Williams (ASB-0823-I68J)
*Attorney for Defendant,*
*Specialty Underwriters Alliance*

**OF COUNSEL:**
SADLER ❖ SULLIVAN, P.C.
2500 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5203
Tel:  (205) 326-4166
Fax:  (205) 324-3418
jaw@sadlersullivan.com

**OF COUNSEL:**

George J. Manos
Diane K. Ehrhart
Bollinger, Ruberry & Garvey
500 W. Madison, # 2300
Chicago, IL 60661-2511
Tel:  312-559-4653
Fax:  312-466-8001

**PLEASE SERVE DEFENDANTS AS FOLLOWS VIA CERTIFIED MAIL:**

Peeble McManus, LLC
1818 Tallapoosa Street
Notasulga, AL  36866

Dennis and Pamela Dickey
1202 Catherine Drive
Opelika, AL  36801