IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SPECIALTY UNDERWRITERS ALLIANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:08-cv-888-MEF |
| ) | |
| PEEBLES McMANUS LLC, and ) | (WO–Publish) |
| DENNIS AND PAMELA DICKEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Specialty Underwriters Alliance ("SUA") initiated this action pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201, *et seq.* SUA seeks a declaration from this Court that it owes no duty to defend or indemnify Peebles McManus LLC ("Peebles McManus"), which is a defendant in a related state court proceeding. Defendants Dennis and Pamela Dickey ("the Dickeys"), who are plaintiffs in the state court proceeding, filed a Motion to Dismiss on December 9, 2008. (Doc. # 21.) In the Motion, the Dickeys ask this Court to exercise its discretion to dismiss this declaratory judgment action. The Court has carefully considered the submissions of the parties and the applicable authorities. For the reasons set forth below, the Court finds that the Motion is due to be DENIED. A Motion for a Status Hearing (Doc. # 35) is also pending and is due to be DENIED as moot.

### II. JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332, based upon the parties' diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.[1] The parties contest neither personal jurisdiction nor venue and the Court finds adequate grounds alleged to support both.

### III. FACTS AND PROCEDURAL HISTORY

#### A. State Court Action

Some time prior to December, 2006, the Dickies contracted with Peebles McManus to construct a home for them. Because the Dickies believed that they suffered various injuries because of the malfeasance of Peebles McManus, they filed a lawsuit in the Circuit Court of Macon County, Alabama on December 13, 2006. They claimed that Peebles McManus falsely represented that it was qualified to complete their home and would construct it in compliance with the applicable building codes. They also claimed that after they moved into the home they noticed many defects and deficiencies, which Peebles McManus failed to correct. They claim they suffered injuries and damages including property loss, economic loss, extensive structural damage, and extreme mental anguish. SUA is not a party to that action, which is still pending in the Circuit Court of Macon County, Alabama.

#### B. Declaratory Judgment

SUA brought this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.

---

[1] SUA is an insurance company incorporated in Delaware with its principal place of business in Illinois. Peebles McManus is an Alabama Limited Liability Company with two members: Sandra McManus and Paul Peebles. Sandra McManus and Paul Peebles are both citizens of Alabama. The Dickeys are citizens of Macon County, Alabama or Lee County, Alabama.

§ 2201, *et seq.* By this action, SUA seeks a declaration of its rights and obligations, if any, with respect to its duty to defend and indemnify Peebles McManus for the underlying state court suit described above. The declaratory judgment would resolve rights and obligations under an insurance policy issued by SUA to Peebles McManus. The policy provides commercial general liability coverage with limits of $1,000,000.00 per occurrence, subject to a $1,000.00 deductible per property damage claim, and $2,000,000.00 aggregate coverage. SUA claims that the wrongs the Dickies complain of in the underlying state court suit are excluded from coverage by the terms of the policy, including the definitions of "bodily injury," "property damage," and "occurrence" in that policy.

Roughly a month after SUA filed the complaint in this case, the Dickeys filed a Motion to Dismiss. (Doc. # 22.) They argue in the Motion that this Court should decline to resolve this declaratory judgment action because the Circuit Court of Macon County, Alabama is, for a variety of reasons, a better forum to adjudicate the coverage question. SUA responded to this Motion with reasons why this Court should adjudicate the rights and obligations of the parties, as the Declaratory Judgment Act empowers it to do. The Motion to Dismiss is therefore ripe for disposition.

## IV. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or

could be sought." 28 U.S.C. § 2201(a). While the power granted by this statute gives federal courts competence to declare rights even when no other relief is sought, it does not impose a compulsory duty to do so. *Am. Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (holding that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant."). Nevertheless, federal district courts should exercise that discretion "liberally in favor of granting [declaratory] relief in order to accomplish the purposes of the Declaratory Judgment Act." *United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527, 1532 (M.D. Ala. 1996) (Thompson, C.J.); *accord Coregis Ins. Co. v. McCollum*, 955 F. Supp. 120, 123 (M.D. Fla. 1997).

The Dickeys argue in the Motion to Dismiss that the Court should abstain from adjudicating this declaratory judgment action because of the pendency of a "parallel state action." (Doc. # 21 2.) They rely on *Brillhard v. Excess Insurance Company of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Dickeys also point out that the Eleventh Circuit has articulated a list of nine factors a court should consider when deciding whether to abstain from resolving a declaratory judgment action under *Brillhard* and *Wilton*. *See Roach*, 411 F.3d at 1330-31. SUA argues that these cases are inapposite because the underlying state action is not "parallel" and is not the kind of suit contemplated by either *Brillhard* and *Wilton* or *Roach*. Courts are to consider the nine factors, SUA argues, only in cases when there is both "a declaratory judgment suit [and]

another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *See id.* at 1330. SUA points out that resolution of insurance coverage disputes is among the most common uses of the Declaratory Judgment Act in federal courts, and that the Court should therefore exercise its discretion to decide this case in order to further the purposes of the Act.

SUA presents the better arguments and the Court is in wholesale agreement with them. *Brillhart* and *Wilson* both discussed cases in which there were pending federal declaratory judgment actions and parallel state proceedings with the same legal issues and parties. *See Brillhart*, 316 U.S. at 492-98; *Wilton*, 515 U.S. at 279-82. This reading is supported by the statement in *Roach* that a court considering whether to abstain under *Brillhart* and *Wilson* should consider the nine factors when "a declaratory judgment suit [and] another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Roach*, 411 F.3d at 1330-31. Here, neither the parties nor the issues are the same in the underlying state suit. Plaintiff in this action, SUA, is the insurer of the policyholder Peebles McManus, which is the defendant in the underlying state court action. SUA is not a party to that state court proceeding and the coverage issues presented by this declaratory judgment action have not been presented to that forum. Hence, this case is unlike *Brillhart*, *Wilson*, and *Roach*, which all involved (and only bind this Court with respect to) "parallel" proceedings between the same parties and involving the same issues. *See, e.g.*, *Allstate Indemnity Co. v. Lewis*, 985 F. Supp. 1341, 1345-1346 (M.D. Ala.

5

1997) (Thompson, C.J.); *Allstate Ins. Co. v. Smith*, No. 3:05-CV-49, 2005 WL 1309019 (M.D. Ala. May 31, 2005) (Albritton, J.). Therefore, these cases, relied upon so heavily by the Dickeys, do not require—and do not suggest—that this Court abstain from adjudicating this declaratory judgment action.

The Court's decision to exercise jurisdiction is supported by the purposes of the Declaratory Judgement Act and the longstanding practice in this and other districts. The Declaratory Judgment Act provides a mechanism to adjudicate disputes when the plaintiff is unsure of his duties and seeks to avoid either a breach of a legal duty or unnecessary expenditures in the absence of such a duty. *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1238, 2751 (3d ed. 2009) This is precisely the case here. Moreover, this Court routinely adjudicates coverage disputes brought under the Declaratory Judgment Act when there is an underlying state court case on the merits, which involves different issues and different parties (as is the case here). *See, e.g.*, *Lewis,* 985 F. Supp. at 1345-1346; *Guaranty Nat. Ins. Co. v. Beeline*, 945 F. Supp. 1510 (M.D. Ala. 1996) (Thompson, C.J.); *State Auto Prop. & Cas. Ins. Co. v. Calhoun*, No. 2:05-CV-122-MEF, 2005 WL 2406055 (M.D. Ala. 2005) (Fuller, C.J.); *Smith*, 2005 WL 1309019.

## V. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED as follows:

(1) The Motion to Dismiss (Doc. #21) is DENIED.

(2) The Motion for a Status Hearing (Doc. # 35) is DENIED as moot.

Done this 7th day of July, 2009.

                                             /s/ Mark E. Fuller  
                                     CHIEF UNITED STATES DISTRICT JUDGE