IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SPECIALTY UNDERWRITERS ALLIANCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:08-cv-888-MEF |
| PEEBLES MCMANUS LLC, *et al.*, | ) ) | (WO—Do Not Publish) |
| Defendants. | ) ) | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Specialty Underwriters Alliance ("SUA") filed this action in federal court to get a declaratory judgment on whether it is required under the terms of an insurance contract to indemnify the parties to a pending state-court lawsuit from potential losses. This cause is before the Court on Defendant Paul Peebles's ("Peebles") Motion to Dismiss (Doc. # 53) and Defendant Sandra McManus's ("McManus") Motion to Dismiss (Doc. # 54), both filed on September 11, 2009. For the following reasons, this Court will deny both motions.

The motions are substantively identical. Both motions argue that the Court should dismiss Peebles and McManus from this action for four reasons: (1) Neither Peebles nor McManus are parties to the underlying state-court lawsuit; (2) SUA has failed to sue Gary McManus, who is the only party to the state-court lawsuit who is not sued in the instant action as well; (3) SUA has brought suit against "fictitious" parties, which is a litigation practice the Federal Rules of Civil Procedure do not permit; and (4) SUA has not complied with this Court's Order of June 25, 2009, which threatened to dismiss Defendant Peebles

McManus LLC on jurisdictional grounds unless SUA amended its complaint to include information about the citizenship of Peebles McManus LLC's member–owners, namely Peebles and McManus.  (Doc. # 36.)

As SUA aptly stated in its response to the motions, Peebles and McManus's arguments "do not make sense."  (Doc. # 56 at 2.)  In fact, it appears to this Court as if Peebles and McManus's arguments are predicated on a basic misunderstanding about the procedural posture of this case.  This action is not in federal court upon removal under 28 U.S.C. § 1441.  Rather, it is a federal lawsuit originally filed in federal court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Even though this action relates to the underlying state-court lawsuit, it is a separate and independent action.

Therefore, the fact that McManus and Peebles are not parties to the state-court lawsuit is irrelevant because the federal- and state-court actions at issue here are separate lawsuits.  What is more, SUA had good reason to add Peebles and McManus to this action in order to establish this Court's diversity jurisdiction over Peebles McManus LLC.

Likewise, it is of no moment that Gary McManus is not a defendant in the instant action.  SUA is the master of its complaint.  Provided that SUA is not required to join Gary McManus under Rule 19 of the Federal Rules of Civil Procedure, which Peebles and McManus have not argued, SUA has complete discretion to choose which defendants it wishes to hale into federal court.  Nonetheless, SUA had a legitimate reason to leave Gary McManus out: he is not a party to the insurance contract that is the subject-matter of this case.

Peebles and McManus's assertions that SUA's complaint brings suit against fictitious parties is simply wrong. SUA's Amended Complaint does not contain any reference to any fictitious parties. (*See* Doc. # 43-4.)

Lastly, SUA has fully complied with this Court's Order of June 25, 2009. As is required to establish jurisdiction over Peebles McManus LLC, SUA's Amended Complaint lists both Peebles and McManus as parties to the instant action and provides information about their citizenship. (*Id.* ¶ 6–8.)

Consequently, this Court will not dismiss either Peebles or McManus from this action. Both defendants are properly pleaded in the Amended Complaint, and neither defendant has provided any other basis for dismissal. Nor will the Court remand the case to state court. The Court has no authority to remand a case that has not been removed.

Accordingly, it is hereby ORDERED as follows:

1. Paul Peebles's Motion to Dismiss (Doc. # 53), filed on September 11, 2009, is DENIED.

2. Sandra McManus's Motion to Dismiss (Doc. # 54), filed on September 11, 2009, is DENIED.

DONE this the 30th day of November, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE